# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RAY TYLICKI,

       Plaintiff,

    v.

GORDON GEE, et al.,

       Defendants.

Case No. 2:08-cv-936
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the motion to dismiss filed by Defendants E. Gordon Gee, Brad Myers, and Paul Denton. (Doc. # 22.) Also before the Court is a motion for sanctions filed by Plaintiff. (Doc. # 32.) For the reasons that follow, this Court finds the former motion well taken and the latter motion not well taken.

## I. Background

According to the Complaint, the factual allegations of which this Court necessarily accepts as true for purposes of addressing the motion *sub judice*, Plaintiff, Raymond Tylicki, enrolled as a student at The Ohio State University in September 2008, after previously attending the university for one quarter in 1996. Shortly after enrollment, an issue arose as to Plaintiff's proper status; the university sought to have him apply as a student through the School of Arts and Sciences, while Plaintiff maintained that he was properly enrolled through the Continuing Education Division. It is unclear exactly what occurred next, but it is apparent that issues surrounding financial aid also developed and that eventually the university precluded Plaintiff from taking classes and evicted him from student housing.

1

Plaintiff subsequently initiated the instant action on October 6, 2008. Proceeding *pro se*, Plaintiff has filed a complaint that appears to be at least in part a reworked pleading either filed in or originally intended to be filed in the Supreme Court of Ohio. (Doc. # 3.) As discussed more fully below, the exact claim or claims for relief that Plaintiff asserts are unclear, but it is apparent that he is asserting deprivation of property or liberty interests arising from the events occurring at the university.

The Complaint names as defendants The Ohio State University President Gordon Gee/The Ohio State University itself, Registrar Brad Myers, State of Ohio Governor Ted Strickland, and possibly The Ohio State University Chief of Police Paul Denton.[1] Previously, Defendant Strickland filed a motion to dismiss (Doc. # 17), which this Court granted in a December 29, 2008 Opinion and Order (Doc. # 31). The remaining defendants have also filed a motion to dismiss, which is now ripe for disposition. (Doc. # 22.) Plaintiff has in turn filed a motion for sanctions that the Court will address in today's decision. (Doc. # 32.)

## II. Motion for Sanctions

On January 5, 2009, Plaintiff filed a "Motion and Petition to impose sanctions for Perjury in a sworn statement." (Doc. # 32.) In this motion, Plaintiff asks this Court to impose monetary sanctions on various affiants whose affidavits have been filed in this litigation, as well as to refer

---

[1] In a previous decision, this Court noted the less than clear identification of parties in the Complaint. (Doc. # 31, at 2.) It is apparent that Plaintiff has named Gee in his official capacity, which is a suit against the university, and that he has named university registrar Brad Myers. It is much less clear whether he has properly named the university's chief of police, Paul Denton, although the pleading does ask for "Injective [*sic*] relief against the OSU Police Department." (Doc. # 3, at 7.) The Court notes that summons were returned as executed against the "OSU Police Chief" (Doc. # 10), Gee (Doc. # 12), Myers (Doc. # 13), and Strickland (Doc. # 14), and that Denton has joined in the motion to dismiss *sub judice*. (Doc. # 22.)

2

the matter to the United States Attorney for criminal prosecution under 18 U.S.C. § 1621.

Plaintiff asserts that the affidavits of Toni Greenslade-Smith and Andrea Goldblum contain numerous factual misrepresentations. This motion presents only Plaintiff's self-serving representations as to the purported lack of accuracy of the affidavits. Simply because Plaintiff disagrees with the factual representations of these individuals–representations that a finder of fact would sort through if this litigation had continued–does not present a sufficient case for sanctions or perjury. Accordingly, the Court **DENIES** Plaintiff's motion. (Doc. # 32.)

### III. Motion to Dismiss

#### A. Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level

...." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

A threshold matter requiring discussion is what briefing related to the pending Rule 12(b)(6) motion is properly before the Court. Defendants filed their motion to dismiss on November 20, 2008. (Doc. # 22.) Pursuant to local rule, Plaintiff's memorandum in opposition was therefore due by December 15, 2008. *See* S.D. Ohio Civ. R. 7.2(a)(2). But Plaintiff did not file his opposing brief until January 1, 2009, without leave of court. (Doc. # 33.) Accordingly, this Court could strike Plaintiff's memorandum in opposition. (Doc. # 33.) Defendants have not requested such action, however, and the Court has declined to strike the filing *sua sponte* in the hopes that its contents might shed some light on the substance of Plaintiff's Complaint.

This hope has been in vain. As the Court noted in its December 29, 2008 Opinion and Order, "[t]he exact claim or claims for relief that Plaintiff asserts are unclear–the [Complaint] possibly presents claims under 42 U.S.C. § 1983, although it does not reference that statute–but it is apparent that he is asserting deprivation of property or liberty interests arising from the events occurring at the university." (Doc. # 31, at 2.) The moving defendant involved in that decision, Defendant Strickland, referenced § 1983 in his motion, but noted that Plaintiff had not invoked the statute in his pleading. (Doc. # 17, at 2.) Ultimately, the Court did not have to classify Plaintiff's claim or claims in its prior decision because Plaintiff had simply failed to allege any action by Defendant Strickland that "would involve Strickland in any conceivable claim for relief that can be gleaned from the confusing pleading." (Doc. # 31, at 3.) Unfortunately, Plaintiff's untimely memorandum in opposition fails to clarify his Complaint.

4

As in his Complaint and its attachments, Plaintiff's memorandum in opposition also references numerous federal regulations and "§ 2255," which is presumably the federal habeas statute, 28 U.S.C. § 2255. *See* Doc. # 3, at 7; Doc. # 33, at 13. The moving defendants bringing the motion to dismiss sub judice read the Complaint to assert a claim or claims under the Higher Education Act of 1965 ("HEA"), 20 U.S.C. §§ 1070 *et seq.*, and Plaintiff has done nothing to confirm or disprove that characterization.

Despite the lack of clarity in Plaintiff's filings, two conclusions are clear. First, to the extent that Plaintiff is indeed asserting a claim under the HEA, dismissal is warranted because Defendants are correct in arguing that such a private right of action is not available to him. The Sixth Circuit has held that a citizen such as Plaintiff "may not bring a claim under the HEA because the statute does not create a private right of action." *Thomas M. Cooley Law School v. American Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006).

Second, to the extent that Plaintiff seeks to assert this claim or different claims–even a prisoner habeas action despite not being in federal custody–dismissal is warranted because the Complaint is legally frivolous and fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted.").

As another federal judge has explained, "[t]he Federal Rules of Civil procedure require litigants to formulate their pleadings in an organized and comprehensible manner." *Shield v. Lewis, Rice & Fingersch*, No. 4:08-CV-1080-JCH, 2008 WL 3305686, at *1 (E.D. Mo. Aug. 11, 2008). Thus, that judicial officer reasoned in addressing a *pro se* complaint,

5

> [a]lthough the Court is to give plaintiff's complaint the benefit of a liberal
> construction, the Court will not create facts or claims that have not been alleged.
> Plaintiff is required, to the best of his ability, to set out not only his alleged claims
> in a simple, concise, and direct manner, but also the facts supporting his claims as
> to each defendant. Because plaintiff has failed to do so, and the instant complaint
> is nonsensical, the Court will dismiss this action as legally frivolous.

*Id.* The *Shield* district judge concluded that "the complaint is legally frivolous and fails to state a claim upon which relief can be granted." *Id.*

Similarly, Plaintiff's pleading in the instant case presents general allegations predicated upon an apparent belief that an Ohio State University education is an "essential government service[]" that cannot be denied him due to his inability to pay fees. (Doc. # 33, at 3.) But it is wholly unclear what claim or claims Plaintiff is asserting. This Court cannot construct possible but potentially not asserted claims for any party (*e.g.*, a § 1983 due process claim), including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The Court's role is to adjudicate disputes, not assist in asserting them. As one district judge has explained,

> The mandated liberal construction afforded to *pro se* pleadings means that
> if the court can reasonably read the pleadings to state a valid claim on which the
> Plaintiff could prevail, it should do so, but a district court may not rewrite a
> petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d
> 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v.
> Endicott,* 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely
> presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th
> Cir. 1985).

*Davis v. Harwell*, No. 4:07-2781-TLW, 2008 WL 4442604, at *2 n.3 (D.S.C. Sept. 25, 2008). The pleading here fails to satisfy the requirements of a complaint in both form and substance, which means that it fails to provide sufficient notice of its precise claim or claims and that it fails to present any claim upon which this Court can grant relief. The Court cannot be forced to guess

6

as to what constitutes the substance of a lawsuit.

This Court has endeavored to construe Plaintiff's Complaint in his favor so as to afford him the opportunity to pursue whatever claim or claims he sought to assert. But Plaintiff has failed to plead cognizable, plausible claims. Accordingly, dismissal is necessary. *See Shield*, 2008 WL 3305686, at *1; *Harwell*, 2008 WL 4442604, at *2. *See also Webb v. Veteran Affairs Medical Center-Salisbury*, No. 1:08CV00149, 2008 WL 4981328, at *1 (M.D.N.C. Nov. 19, 2008) (holding that "[c]onfused, incoherent ramblings are simply insufficient to meet Rule 8(a)(2)'s requirements, regardless of the plaintiff's status" and that "[b]ecause, in the present case, Plaintiff's complaint consists of little more than a string of nonsensical sentence fragments, it clearly merits dismissal"). The Court therefore **GRANTS** Defendants' motion to dismiss. (Doc. # 22.)

## IV. Conclusion

The Court **DENIES** Plaintiff's motion for sanctions (Doc. # 32) and **GRANTS** Defendants' motion to dismiss (Doc. # 22). The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE